# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JEREMY JONES,**

      **Plaintiff,**

**v.**                                                    **Case No.  8:22-cv-00231-AAS**

**OFFICER DAVID CEINSKI, JR.,**
**in his individual capacity,**

      **Defendant,**

_____/

## ORDER

Defendant Officer David Ceinski, Jr. moves to reopen discovery. (Doc. 66). Plaintiff Jeremy Jones opposes the motion. (Doc. 67).

## I.      BACKGROUND

This case arises from an August 8, 2020 traffic stop and Officer Ceinski's alleged use of excessive force on Mr. Jones. On January 22, 2022, Mr. Jones filed his complaint against Officer Ceinski, in his individual capacity, under 42 U.S.C. § 1983. (Doc. 1). Mr. Jones effectuated service of process on February 7, 2022, and Officer Ceinski responded to the complaint on February 28, 2022. (Doc. 9). On April 19, 2022, this Court entered a Case Management and Scheduling Order with a discovery deadline of January 17, 2023. (Doc. 16, p. 2). The order advised that the case management deadlines "will be strictly

1

enforced." (*Id.*, p. 1).

On March 30, 2023, Officer Ceinski moved for summary judgment, arguing Mr. Jones's claims were barred. (Doc. 40). Mr. Jones responded in opposition to Officer Ceinski's motion, and Officer Ceinski replied to Mr. Jones's response. (Docs. 51, 52). On May 30, 2023, this court granted summary judgment for Officer Ceinski based on qualified immunity and judgment was entered in his favor. (Docs. 53, 54). On June 29, 2023, Mr. Jones appealed. (Doc. 55). On May 8, 2025, the Eleventh Circuit reversed judgment for Officer Ceinski and remanded this action for further proceedings. (Doc. 62).

On June 3, 2025, Attorneys Catherine Carson-Freymann and Todd Murgo substituted as counsel for Officer Ceinski. (Doc. 61). On June 26, 2025, the parties appeared for a videoconference to discuss scheduling trial dates and deadlines. (Doc. 65). At the videoconference, the parties stated they could be available for trial in August or November 2025. (Doc. 64). Officer Ceinski now moves to reopen discovery. (Doc. 66). Mr. Jones opposes the motion. (Doc. 67).

## II.  ANALYSIS

"A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1)

and Fed. R. Civ. P. 16(b)(4)). To establish "good cause," the party moving to reopen discovery must show that the court's already-expired scheduling order deadline could not be met despite the party's "diligence." *See Id.* A moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline. *See Williams v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09-cv-225, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010).

The "excusable neglect" standard is "more rigorous" than the "good cause" standard. *See Hughley v. Lee County, Ala.*, No. 3:15-CV-126, 2015 WL 4094461, at *1 (M.D. Ala. June 9, 2015). In determining whether a party has shown excusable neglect, courts consider "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Primary importance is given to the lack of prejudice to the nonmoving party and the interest of efficient judicial administration. *See*

3

*Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). The Eleventh Circuit has "often held that a district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order." *See Ashmore*, 503 F. App'x at 685.

The record does not establish the requisite diligence to warrant reopening discovery. For example, on May 11, 2022, Mr. Jones disclosed his fact witnesses and his medical facilities. (Doc. 67, Ex. A). On August 9, 2022, Mr. Jones's counsel offered the week of October 24, 2022 to schedule depositions, but counsel for Officer Ceinski made no further attempts to schedule those depositions. (Doc. 67, Ex. B). On October 13, 2022, Mr. Jones disclosed his expert witnesses. (Doc. 67, Ex. C). Counsel for Officer Ceinski made no efforts to depose Mr. Jones's experts nor provide defense experts. Officer Ceinski also did not propound written discovery on Mr. Jones. Although Officer Ceinski twice requested modifications of the scheduling order, he did not request an extension of the discovery deadline. (*See* Docs. 24, 37).

Officer Ceinski argues prior counsel's strategy was tailored toward the qualified immunity defense. (Doc. 66, p. 4). However, Officer Ceinski's answer contains six affirmative defenses: (1) failure to state a cause of action, (2)

4

sovereign immunity, (3) damage limitations in Florida Statutes, (4) failure to mitigate, (5) arrest made on probable cause, and (6) qualified immunity. (Doc. 9). Officer Ceinski had nine months to focus discovery efforts on his other five affirmative defenses. Now, Officer Ceinski requests to re-open discovery for unspecified written discovery and to take depositions of Mr. Jones and five other individuals who were disclosed months before the discovery deadline. In addition, these individuals were also included on Officer Ceinski's initial disclosures dated June 6, 2022. (Doc. 67, Ex. E). *See Sweet v. Lockheed Martin Corp.*, No. 1:08-CV-2094-WBH-SSC, 2009 WL 10664952, at *3 (N.D. Ga. Aug. 21, 2009) (denying motion to reopen discovery where movant did not dispute they "had the opportunity to take the depositions . . . during the [ ] discovery period but chose not to do so").

Finally, discovery closed on January 17, 2023, and Officer Ceinski filed his motion for summary judgment on March 30, 2023. (Doc. 40). The court can find no case law supporting Officer Ceinski's claim that a reversal on appeal provides good cause to re-open discovery. *See In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2021 WL 6327368, at *2 (N.D. Fla. Aug. 19, 2021) (holding the plaintiffs would be prejudiced by the costs and burdens of preparing for and taking a deposition out of time in the middle of preparing

for trial, and "[t]his alone is a sufficient basis to deny Defendants' motion").

## III.  CONCLUSION

Accordingly, it is **ORDERED**:

(1) Officer Ceinski's motion to reopen discovery (Doc. 66) is **DENIED**.

(2) By **July 25, 2025**, the parties must confer and file a notice advising the court of their selected trial week.[1]

**ENTERED** in Tampa, Florida, on July 22, 2025.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] As advised at the videoconference on June 26, 2025, the available trial weeks are August 25, 2025, November 3, 2025, and November 10, 2025. (*See* Doc. 64).